2009 Ark. 391

**ARKANSAS JUDICIAL DISCIPLINE AND DISABILITY COMMISSION, Petitioner,**

v.

**L.T. SIMES, Respondent.**

No. 09–443.

Supreme Court of Arkansas.

June 25, 2009.

David A. Stewart, Exec. Dir., and David J. Sachar, Dep. Exec. Dir., Arkansas Judicial Discipline & Disability Commission, for petitioner.

George E. Hairston and Terrence Cain, Little Rock, for respondent.

PER CURIAM.

Petitioner Arkansas Judicial Discipline and Disability Commission (the Commission) has filed with this court its final decision, findings, and recommendations, pursuant to Arkansas Judicial Discipline and Disability Commission Rule 12(A) (2009), in which it recommends that this court remove respondent L.T. Simes from the office of Circuit Judge of the First Judicial District, Division 1, of the State of Arkansas. The Commission found that Judge Simes violated Canons 2, 4E, and 4G of the Arkansas Code of Judicial Conduct and further found that the violations were willful and prejudicial to the administration of justice pursuant to Arkansas Code Annotated § 16–10–410(b)(4)–(5) (Supp.2001). Because the Commission failed to file the "entire record" and because the Commission's brief is deficient,

we remand this matter to the Commission to supplement the record, and we order rebriefing.

■ Rule 12(E) of the Rules of Procedure of the Arkansas Judicial Discipline and Disability Commission specifically directs this court to "file a written opinion and judgment directing such disciplinary action as it finds just and proper," "[b]ased upon a review of the *entire record.*" Ark. Jud. Disc. & Disab. Comm'n R. 12(E) (2009) (emphasis added). However, the Commission, in this case, has filed a record, which merely contains the following: (1) its letter regarding the final report of the Commission following the disciplinary hearing; (2) the transcript of the Commission's final hearing; (3) the Commission's final decision, findings, and recommendations; (4) the three-member panel's report and recommendations; (5) the transcripts of the two-day disciplinary hearings before the three-member panel; and (6) the exhibits that were introduced at the disciplinary hearing by both the Commission and Judge Simes.

The 2006 Procedures clearly set forth that there should exist in this case, at a minimum, an initial complaint, notice, a sworn complaint or statement of allegations, notice of the sworn complaint or statement of allegations, the judge's answer or his recorded personal statement in lieu thereof, any amendments to the statement of allegations, the transcript of the probable cause hearing, the findings and report of the probable cause hearing, any formal statement of charges, and any documentation relied on for probable cause, all of which should be included in an "entire record."[1] But in addition, Judge Simes raised due-process concerns before the Commission and before this court. Therefore, the "entire record" should also include any and all complaints received by the Commission, at any time, with regard to Judge Simes and his involvement in the Chandler Estate.[2] To be clear, the Commission's "entire record" shall include any and all pleadings, documents, or evidence required by the 2006 Procedures to be filed and/or relevant to the essential issues to be considered by this court. We, therefore, order the Commission to file the "entire record" no later than July 27, 2009, and direct the Commission to certify to this court that it has filed the "entire record."

■ It is further evident to this court that the Commission's brief is deficient. Rule 12(C) of the Procedures requires that simultaneous briefs be filed by the parties "in accordance with court rules." Ark. Jud. Disc. & Disab. R. 12(C). In *Judicial Discipline & Disability Commission v. Simes,* 2009 Ark. 296, 308 S.W.3d 613 (per curiam), this court deemed the Commission the petitioner in this matter. Therefore, as the petitioner, the Commission was charged with the duty of providing this court with an abstract and an addendum in accordance with our rules.

While the Commission did abstract the two days of the disciplinary hearing, it failed to include in its table of contents "references to the abstract listing the name of each witness with the page number at which the testimony begins." Ark. Sup.Ct. R. 4–2(a)(1) (2009). More importantly, however, the Commission failed to

---

1. This list is by no means exhaustive.

2. The testimony and evidence contained in the instant record make reference to the fact that the Commission may have been investigating Judge Simes's involvement in the Chandler Estate as early as 2004 and 2005. Judge Simes claims, and the instant record reflects, that the first notice he received regarding the Commission's investigation into this matter was in 2006.

provide any addendum as it was required to do.[3]  Accordingly, we order the matter rebriefed.  The parties shall submit simultaneous substituted briefs no later than August 17, 2009, and simultaneous reply briefs no later than August 31, 2009.  The Commission's substituted brief should contain a complete addendum, in accordance with Ark. Sup.Ct. R. 4–2(a)(8), based upon the "entire record."

Remanded to supplement the record; rebriefing ordered.

Special Justice RON SHEFFIELD joins.

DANIELSON, J., dissents.

WILLS, J., not participating.

PAUL E. DANIELSON, Justice, dissenting.

Because it is my opinion that we have before us the "entire record," I dissent from this court's remand of this matter to the Commission.  The record before us consists of the exhibits and testimony presented to the three-member panel, and, subsequently, the Commission; we, therefore, have the "entire record" upon which we can base our review and "file a written opinion and judgment directing such disciplinary action as [we] find[ ] just and proper."  Ark. Jud. Disc. & Disab.  Comm'n R. 12(E).  In addition, Judge Simes moved this court to supplement the record with other items that he thought were relevant to our determination, and we granted his motion.  As neither party suggests that we do not have the "entire record," and because it is clear that we have that information upon which the parties made their arguments and upon which the panel and Commission based their findings and recommendation, there is no need for remand in this case, and I respectfully dissent.

---

**3.**  Judge Simes did provide this court with an addendum;  however, that was not his responsibility under our rules.